UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CIV-14314-MARTINEZ/LYNCH

DUBAI WORLD CORPORATION, and )
its subsidiaries, EXEMOS, NAKHEEL, )
and PALM MARINE, )
  )
     plaintiffs, )
v. )
  )
HERVE JAUBERT and SEAHORSE )
SUBMARINES INTERNATIONAL )
INCORPORATED, and Does 1-99, )
  )
     defendants. )
  )

FILED by _____ D.C.

OCT 1 6 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## ANSWER, RULE 12 DEFENSES, AND AFFIRMATIVE DEFENSES OF DEFENDANTS HERVE JAUBERT AND SEAHORSE SUBMARINES INTERNATIONAL INCORPORATED AND COUNTERCLAIM OF DEFENDANT HERVE JAUBERT

Defendants Herve Jaubert and Seahorse Submarines International Incorporated

("Seahorse Submarines") hereby answer and assert Rule 12 defenses and affirmative defenses to

the complaint filed in the above-captioned action and defendant Herve Jaubert asserts his

counterclaims against plaintiff Dubai World Corporation, as follows:

     1.     Defendants deny the allegations asserted in paragraph 1 of the complaint.

     2.     Defendants admit that Seahorse Submarines is a dissolved Florida corporation in

which Jaubert has an ownership interest and that Jaubert is a resident of Florida, but otherwise

deny the allegations asserted in paragraph 2 of the complaint.

     3.     Defendants admit that Jaubert was the chief executive officer of Exomos, a

company created for the purpose of manufacturing and selling submarines and submersibles, but

otherwise deny the allegations asserted in paragraph 3.

     4.     Defendants deny the allegations asserted in paragraph 4.

5.    Defendants deny the allegations asserted in paragraph 5.

6.    Defendants admit that Herve Jaubert left Dubai and came to Florida, but otherwise deny the allegations asserted in paragraph 6.

7.    Defendants deny that Jaubert has any outstanding debt to the plaintiffs, deny that to the extent plaintiffs are not "whole," that the circumstances justify any obligation to make plaintiffs whole, deny that the plaintiffs have been damaged by the defendants, and deny that any effort to settle as alleged in paragraph 7 is appropriate or warranted under the circumstances.

8.    Defendants admit the allegations asserted in paragraph 8.

9.    The defendants admit that venue is proper in the Southern District of Florida, West Palm Beach or Fort Pierce, Florida Division, but otherwise deny the allegations asserted in paragraph 9.

10.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 10.

11.    Defendants admit the allegations asserted in paragraph 11.

12.    Defendants admit the allegations asserted in paragraph 12.

13.    Defendants admit the allegations asserted in paragraph 13.

14.    Defendants admit that Jaubert is a domiciliary of Florida for the purposes of diversity jurisdiction and that he is a citizen of France, but otherwise deny the allegations asserted in paragraph 14.

15.    Defendants admit that Seahorse Submarines is a dissolved Florida corporation and that Herve Jaubert is its registered agent, with a listed address for the agency as is set forth in paragraph 15, but otherwise deny the allegations asserted in paragraph 15.

16.    Defendants deny the allegations asserted in paragraph 16.

17.     Defendants deny the allegations asserted in paragraph 17.

18.     Defendants admit that Jaubert was the founder of and an owner of Seahorse Submarines and that Seahorse Submarines was engaged in the business of developing submarines for recreational and other uses, but otherwise deny the allegations asserted in paragraph 18.

19.     The defendants admit that Sultan Ahmed Bin Sulayem, the Chairman of Dubai World Corporation, and his colleague Jim Miller met with Jaubert at his facility in Stuart, Florida on or about December, 2003 and that Jaubert told them that he had designed submarines that were ready for production, that he had already sold some submarines to satisfied customers, that the vessels that he made were safe and were ready to be sold for recreational use, but otherwise deny the allegations asserted in paragraph 19.

20.     Defendants admit the allegations asserted in paragraph 20.

21.     Defendants deny the allegations asserted in paragraph 21.

22.     Defendants deny the allegations asserted in paragraph 22.

23.     Defendants deny the allegations asserted in paragraph 23.

24.     Defendants deny the allegations asserted in paragraph 24.

25.     Defendants admit that in July 2005, Jaubert entered into an employment contract as CEO of Exomos and that the contract was for a term of five years, but otherwise deny the allegations asserted in paragraph 25.

26.     Defendants admit that by signing the employment contract, Jaubert agreed to abide by the policies expressed therein, but otherwise deny the allegations asserted in paragraph 26.

27.     Defendants admit that included in the principle activities of Exomos was the sale of boats, but otherwise deny the allegations asserted in paragraph 27.

28.     Defendants deny the allegations asserted in paragraph 28.

29.     Defendants deny the allegations asserted in paragraph 29.

30.     Defendants admit that there was markup on purchased materials, but otherwise deny the allegations asserted in paragraph 30.

31.     Defendants deny the allegations asserted in paragraph 31.

32.     Defendants admit that the submarine pilots did not possess any specialized, unique submarine qualification, but otherwise deny the allegations asserted in  paragraph 32.

33.     Defendants deny the allegations asserted in paragraph 33.

34.     Defendants deny the allegations asserted in paragraph 34.

35.     Defendants admit that one or more of the plaintiffs ordered three submarines from Seahorse Submarines and that down payments were made but otherwise deny the allegations asserted in paragraph 35.

36.     Defendants admit that Nakheel entered into an agreement with Seahorse Submarines to purchase a Goby submarine, that the contract included the language quoted, that the contract specified features to be included, and that a deposit was paid to Seahorse Submarines, but otherwise deny the allegations asserted in paragraph 36.

37.     Defendants deny the allegations asserted in paragraph 37.

38.     Defendants admit that Palm Marine entered into an agreement with Seahorse Submarines to purchase a Stingray Duo submarine, that the contract included the language quoted, that the contract specified features to be included, and that a deposit was paid to Seahorse Submarines, but otherwise deny the allegations asserted in paragraph 38.

39.     Defendants admit that Palm Marine entered into an agreement with Seahorse Submarines to purchase a Discovery submarine, that the purchase price was to be paid in three installments, and a first payment was made, but otherwise deny the allegations asserted in paragraph 39.

40.     Defendants deny the allegations asserted in paragraph 40.

41.     Defendants deny the allegations asserted in paragraph 41.

42.     Defendants deny the allegations asserted in paragraph 42.

43.     Defendants admit that Daniel Isberie was hired by Jaubert to assess production concerns, but otherwise deny the allegations asserted in paragraph 43.

44.     Defendants admit that Jaubert was given an opportunity to address accounting and inventory documentation, but otherwise deny the allegations asserted in paragraph 44.

45.     Defendants admit that Jaubert signed under duress a document dated May 20, 2007 and provided under duress a check in the amount of 140,011 AED, but otherwise deny the allegations asserted in paragraph 45.

46.     Defendants deny the allegations asserted in paragraph 46.

47.     Defendants deny the allegations asserted in paragraph 47.

48.     Defendants admit that negotiations were conducted but otherwise deny the allegations asserted in paragraph 48.

49.     Defendants admit that criminal proceedings were initiated against Jaubert, but otherwise deny the allegations asserted in paragraph 49.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 50.

51.     Defendants deny the allegations asserted in paragraph 51.

52.     Defendants deny the allegations asserted in paragraph 52.

53.     Defendants admit that paragraphs 1 through 52 are incorporated by reference as if fully set forth and, likewise, readopt their foregoing responses to paragraphs 1 through 52.

54.     Defendants deny the allegations asserted in paragraph 54.

55.     Defendants deny the allegations asserted in paragraph 55.

56.     Defendants deny the allegations asserted in paragraph 56.

57.     Defendants deny plaintiffs' entitlement to recover attorneys' fees or costs incurred in bringing the instant action.

58.     Defendants admit that paragraphs 1 through 52 are incorporated by reference as if fully set forth and, likewise, readopt their foregoing responses to paragraphs 1 through 52.

59.     Defendants deny the allegations asserted in paragraph 59.

60.     Defendants deny the allegations asserted in paragraph 60.

61.     Defendants deny the allegations asserted in paragraph 61.

62.     Defendants deny the allegations asserted in paragraph 62.

63.     Defendants deny the allegations asserted in paragraph 63.

64.     Defendants deny the allegations asserted in paragraph 64.

65.     Defendants deny plaintiffs' entitlement to recover attorneys' fees or costs incurred in bringing the instant action.

66.     Defendants admit that paragraphs 1 through 52 are incorporated by reference as if fully set forth and, likewise, readopt their foregoing responses to paragraphs 1 through 52.

67.     Defendants deny the allegations asserted in paragraph 67.

68.     Defendants deny the allegations asserted in paragraph 68.

69.     Defendants deny the allegations asserted in paragraph 69.

70.     Defendants deny the allegations asserted in paragraph 70.

71.     Defendants deny the allegations asserted in paragraph 71.

72.     Defendants deny plaintiffs' entitlement to recover attorneys' fees or costs incurred in bringing the instant action.

73.     Defendants admit that paragraphs 1 through 52 are incorporated by reference as if fully set forth and, likewise, readopt their foregoing responses to paragraphs 1 through 52.

74.     Defendants admit that Jaubert was an officer of Exomos, but otherwise deny the allegations asserted in paragraph 74.

75.     Defendants deny the allegations asserted in paragraph 75.

76.     Defendants deny the allegations asserted in paragraph 76.

77.     Defendants admit that paragraphs 1 through 52 are incorporated by reference as if fully set forth and, likewise, readopt their foregoing responses to paragraphs 1 through 52.

78.     Defendants deny the allegations asserted in paragraph 78.

79.     Defendants admit that paragraphs 1 through 52 are incorporated by reference as if fully set forth and, likewise, readopt their foregoing responses to paragraphs 1 through 52.

80.     Defendants deny the allegations asserted in paragraph 80.

81.     Defendants deny the allegations asserted in paragraph 81.

82.     Defendants deny the allegations asserted in paragraph 82.

83.     Defendants deny the allegations asserted in paragraph 83.

84.     Defendants deny the allegations asserted in paragraph 84.

85.     Defendants deny the allegations asserted in paragraph 85.

## RULE 12 DEFENSES

86.     Count I fails to state a claim upon which relief can be granted.

87.     Count V fails to state a claim upon which relief can be granted.

## AFFIRMATIVE DEFENSES

88.     As an affirmative defense to Count I defendants assert estoppel.

89.     As an affirmative defense to Count I defendants assert plaintiffs' prior material breach of contract.

## COUNTERCLAIMS

Defendant/counter-plaintiff Herve Jaubert asserts the following counterclaims for fraud, false imprisonment, abuse of process, and defamation against plaintiff/counter-defendant Dubai World Corporation and in support thereof avers, as follows:

90.     A substantial part of the events or omissions giving rise to the claim occurred in Martin County, Florida.

91.     By virtue of the plaintiff/counter-defendant Dubai World Corporation's choice of the instant forum, this Court has personal jurisdiction over it and venue is appropriate.

92.     The Court has jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy is between citizens of a State and citizens or subjects of a foreign state and the amount in controversy exceeds the sum or value of $75,000.

93.     Defendant/counter-plaintiff Herve Jaubert resides in Palm Beach County, Florida.

94.     Plaintiff/counter-defendant Dubai World Corporation is a foreign corporation.

95.     All conditions precedent to the institution and prosecution of this action, if any, have occurred, have been performed, or have been waived.

8

96.     At all times and on all occasions alleged herein, Sultan Ahmed Bin Sulayem, Hamed Kazim, Abdul Qadar Obaid Ali, and Jim Miller acted as representatives and agents of the plaintiff/counter-defendant Dubai World Corporation.

97.     On or about December 16, 2003, Sultan Ahmed Bin Sulayem and Jim Miller met with the defendant/counter-plaintiff Herve Jaubert at Stuart, Martin County, Florida to purchase a submarine.

98.     Beginning in or about February, 2004, Sultan Ahmed Bin Sulayem, Hamed Kazim, and Jim Miller solicited the defendant/counter-plaintiff Herve Jaubert's participation in a joint venture enterprise in the design and manufacture of submarines in the Emirate of Dubai.

99.     On or about June 10, 2004, Sultan Ahmed Bin Sulayem, Hamed Kazim, and Jim Miller met with the defendant/counter-plaintiff Herve Jaubert at Stuart, Martin County, Florida to purchase a second submarine and solicit the engagement of defendant/counter-plaintiff Herve Jaubert in other projects and services to be performed by the defendant/counter-plaintiff Herve Jaubert for the benefit of the plaintiff/counter-defendant Dubai World Corporation, including his participation in a joint venture enterprise in the design and manufacture of submarines in the Emirate of Dubai.

COUNT I
(Fraud)

100.    Paragraphs 90 through 99 are incorporated by reference as if fully set forth herein.

101.    During the events alleged in paragraphs 98 and 99 above, Sultan Ahmed Bin Sulayem, Hamed Kazim, and Jim Miller represented to the defendant/counter-plaintiff Herve Jaubert that he would be granted a joint venture participation, including a percentage of the profits of the venture, in the creation and operation of an enterprise for the design and production of submarines and located in the Emirate of Dubai.   Sultan Ahmed Bin Sulayem, Hamed Kazim,

and Jim Miller represented to the defendant/counter-plaintiff Herve Jaubert that the enterprise would be multimillion dollar capitalized and fully resourced by the plaintiff/counter-defendant Dubai World Corporation and would be postured to capture and expand the world wide submarine market.

101.    The representations were material and were false.

103.    The representations were made with the knowledge that they were false.

104.    The representations were made for the purpose of inducing the defendant/counter-plaintiff Herve Jaubert to act in reliance on the representation.

105.    The correctness and truth of the representations were reasonably relied upon by the defendant/counter-plaintiff Herve Jaubert to his detriment.

106.    The defendant/counter-plaintiff Herve Jaubert suffered damages, including, but not limited to lost business opportunities and lost profits, measured in the tens of millions of dollars.

107.    Defendant/counter-plaintiff Herve Jaubert seeks recovery for his attorneys' fees and costs incurred in bringing the instant action.

WHEREFORE, defendant/counter-plaintiff Herve Jaubert prays for judgment as follows:

A.    For compensatory damages in the amount according to proof, to be determined at trial, to compensate for the wrongful conduct committed by Dubai World Corporation up to the present time;

B.    For punitive damages to be proven at trial

C.    For prejudgment interest at the legal rate, and

D.    For such other and further relief as the Court deems just and proper.

## COUNT II
### (False Imprisonment)

108.    Paragraphs 90 through 105 are incorporated by reference as if fully set forth herein.

109.    The representations were a pretext to acquire the expertise and services of the defendant/counter-plaintiff Herve Jaubert -- and at a far reduced expense to the plaintiff/counter-defendant Dubai World Corporation -- once the defendant/counter-plaintiff Herve Jaubert relocated to the Emirate of Dubai, which he and his family did on or about November 18, 2004, and became a captive employee.

110.    Instead of the representations made by the plaintiff/counter-defendant Dubai World Corporation, the plaintiff/counter-defendant Dubai World Corporation permitted only an undercapitalized, under-resourced ghost of the enterprise promised.

111.    The impediments of the plaintiff/counter-defendant Dubai World Corporation regime brought the collapse of the venture despite the efforts of the defendant/counter-plaintiff Herve Jaubert.

112.    With the motivation of displaying a scapegoat for the collapse of the venture, the plaintiff/counter-defendant Dubai World Corporation instituted the pretextual scheme orchestrated by it during the initial discussions with the defendant/counter-plaintiff Herve Jaubert and in an effort to destroy the reputation and standing of the defendant/counter-plaintiff Herve Jaubert, the plaintiff/counter-defendant Dubai World Corporation directly and actively participated in or procured the unlawful detention of the defendant/counter-plaintiff Herve Jaubert in the Emirate of Dubai.

113.    In or about April, 2007, while detained, the defendant/counter-plaintiff Herve Jaubert suffered threats of torture and was reminded of the numerous extra-nationals of Dubai being detained indefinitely without due process of law.

114.    In or about April, 2007, the plaintiff/counter-defendant Dubai World Corporation caused directly or by indirect procurement the confiscation of and withholding of the Passport of the defendant/counter-plaintiff Herve Jaubert.  It was intended by the plaintiff/counter-defendant Dubai World Corporation that the defendant/counter-plaintiff Herve Jaubert, without his Passport, would be held a captive of the Emirate of Dubai.

115.    The defendant/counter-plaintiff Herve Jaubert suffered damages, including, but not limited to those measured by the loss of consortium with his wife and children, as a result of the false imprisonment by the plaintiff/counter-defendant Dubai World Corporation.

116.    Defendant/counter-plaintiff Herve Jaubert seeks recovery for his attorneys' fees and costs incurred in bringing the instant action.

WHEREFORE, defendant/counter-plaintiff Herve Jaubert prays for judgment as follows:

A.      For compensatory damages in the amount according to proof, to be determined at trial, to compensate for the wrongful conduct committed by Dubai World Corporation up to the present time;

B.      For punitive damages to be proven at trial

C.      For prejudgment interest at the legal rate, and

D.      For such other and further relief as the Court deems just and proper.

## COUNT III
### (Abuse of Process)

117.    Paragraphs 90 through 105 and 109 through 114 are incorporated by reference as if fully set forth herein.

118.    Utilizing its intimate relationship with the government of the Emirate of Dubai, the plaintiff/counter-defendant Dubai World Corporation orchestrated the illegal, improper, or perverted use of process against the defendant/counter-plaintiff Herve Jaubert.

119.    The conduct of the plaintiff/counter-defendant Dubai World Corporation was orchestrated under the scheme and guise of a prosecution for theft, but in reality was conducted with the malicious and ulterior motive as alleged above.

120.    The defendant/counter-plaintiff Herve Jaubert suffered damages as the result of the conduct of the abuse of process of the plaintiff/counter-defendant Dubai World Corporation.

121.    Defendant/counter-plaintiff Herve Jaubert seeks recovery for his attorneys' fees and costs incurred in bringing the instant action.

WHEREFORE, defendant/counter-plaintiff Herve Jaubert prays for judgment, as follows:

A.    For compensatory damages in the amount according to proof, to be determined at trial, to compensate for the wrongful conduct committed by Dubai World Corporation up to the present time;

B.    For punitive damages to be proven at trial

C.    For prejudgment interest at the legal rate, and

D.    For such other and further relief as the Court deems just and proper.

COUNT IV
(Defamation)

122.    Paragraphs 90 through 105, 109 through 114 and 118 and 119 are incorporated by reference as if fully set forth herein.

123.    During an interview reported in *The Washington Post* on or about August 19, 2009, Abdul Qadar Obaid Ali, the internal audit chief of the plaintiff/counter-defendant Dubai World Corporation, stated that "Jaubert and his submarine venture ran into trouble for other reasons: His submarines didn't work, and auditors uncovered evidence of fraud involving overbilling for equipment purchases."

124.    The statements are false and defamatory and at the time made were known by Abdul Qadar Obaid Ali and the plaintiff/counter-defendant Dubai World Corporation to be false.

125.    The statements were made with malice and were intended by the plaintiff/counter-defendant Dubai World Corporation to be published in the State of Florida and to be read and heard by persons in the State of Florida.

126.    The statements were in fact published in the State of Florida and were in fact read and heard by persons in the State of Florida.

127.    The statements are not privileged or otherwise protected.

128.    The defendant/counter-plaintiff Herve Jaubert suffered damages, including, but not limited to lost business opportunities, damages to his reputation, and lost profits, as the result of the statements.

129.    Defendant/counter-plaintiff Herve Jaubert seeks recovery for his attorneys' fees and costs incurred in bringing the instant action.

WHEREFORE, defendant/counter-plaintiff Herve Jaubert prays for judgment, as follows:

E.    For compensatory damages in the amount according to proof, to be determined at trial, to compensate for the wrongful conduct committed by Dubai World Corporation up to the present time;

F.    For punitive damages to be proven at trial

G.    For prejudgment interest at the legal rate, and

H.    For such other and further relief as the Court deems just and proper.

<u>Demand for Jury Trial</u>

The defendant/counter-plaintiff Herve Jaubert demands a trial by jury on all issues so triable as a matter of right.

14

Dated: October 13, 2009

Respectfully submitted,

By: William T. Hess, Fla. Bar No. 801224
Hess & Heathcock, P.A.
40 SE Osceola St.
Stuart, FL  34994
E-mail: whess@hhfirm.com
Telephone: 772.223.0209
Facsimile: 772.220.9727

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2009, a true and correct copy of this document was furnished by US mail, postage prepaid, to Edward M. Mullins, Astigarraga Davis Mullins & Grossman, P.A., 701 Brickell Avenue, 16th Floor, Miami, FL 33131 and Faith E. Gay, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010.

William T. Hess