UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14314-CIV-MARTINEZ/LYNCH

DUBAI WORLD CORP. and its subsidiaries
EXEMOS, NAKHEEL, AND PALM MARINE,

      Plaintiffs,

v.

HERVE JAUBERT, SEAHORSE SUBMARINES
INT'L, INC. AND DOES 1-99,

      Defendants.

_____/



FILED by _____ D.C.

JUL 13 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL DEFENDANTS TO ANSWER PLAINTIFFS' SECOND SET OF INTERROGATORIES (DE 72) AND TO PRODUCE REQUESTED DOCUMENTS AND FOR SANCTIONS (DE 73)
### AND
## ORDER SETTING COMMON PRODUCTION DEADLINE FOR THESE MOTIONS AS WELL AS FOR PLAINTIFF'S EARLIER FILED MOTION TO COMPEL (DE 69)

**THIS CAUSE** comes before this Court upon the above Motions to Compel. Having reviewed the Motions, Responses, and Replies, this Court finds as follows:

1.    The Plaintiff's Second Set of Interrogatories are what are called "contention interrogatories". That is, the Plaintiff is asking the Defendants to specify what documents support various assertions, here, regarding the functionality of the submarines that the Defendants manufactured. The Defendants object on work product protection grounds. They already have produced the documents. Asking them to select which documents relate to each

assertion, they feel, will reveal their counsel's legal strategy. The Defendants' objection is overruled. Rule 33(a)(2), Fed.R.Civ.P., permits such discovery, and the various cases cited by the Plaintiff lend further support. Even the case cited by the Defendants lends support. In in re <u>Grand Jury Subpoenas</u>, 318 F.3d 379, 386 (2nd Cir. 2003), the Court clarified that "[n]ot every selection and compilation of third-party documents by counsel transforms that material into attorney work product." There is a "narrow exception" to this general rule: protected are those documents an attorney selects for review in advance of deposition or is found in the client's files. The Plaintiff's requests, by contrast, are not so narrowly focused and do not pose the same, concrete risk of divulging attorney strategy.

2. In a similar vein the Plaintiff asks the Defendants to "explain the relevance of, and described the testimony you expect from, each individual identified on your 'List of Witnesses Intended to be Called at Trial'". The Plaintiff cites case law permitting a party to ask for summaries, or substance of, witnesses' expected testimony. The Defendants are concerned about the request's broad wording, but the Plaintiff's argument in support of its request makes clear that it is only seeking summary/substance information, equivalent to No.2 of the Court's own Standard Form Interrogatories. This clarification by the Plaintiff should allay the Defendants' concerns.

3.    Both the contention and the witness summary interrogatories are reasonable and permissible. This Court adds that granting this Motion serves a practical purpose: it will allow the Defendants to give some structure to what the Plaintiff describes as an otherwise disorganized document production. This will benefit both parties' case development and trial preparations.

4.    The other Motion to Compel concerns the Plaintiff's First Set of Requests for the Production of Documents and Things. Initially, after obtaining several extensions of time from the Plaintiff, the Defendants asked this Court for yet additional time. This Court largely denied the Defendants' Motion, giving them until February 1, 2010 "to fully and completely answer the outstanding discovery requests." The Plaintiff contends that for certain document requests, the Defendants' production was deficient, but this Court sees no basis by which to compel a supplemental production. The gist of both the Defendants' original objections to these requests and their current Response to the Motion is that they have no more documents; they already have produced all available documents. Mr. Jaubert attests to this in the accompanying Affidavit. This Court cannot compel a party to produce something it does not have. The Defendants further that the Plaintiff already should have many of the documents from prior dealings and access to their records.

5.    In perhaps tacit recognition of this situation, the Plaintiff asks that the Defendants' fraud counterclaim be stricken for their failure to produce supporting evidence. Such relief is inappropriate. The Defendants' counterclaims will have to be judged on their merits based on whatever evidence is proffered. The Plaintiff also asks for an adverse inference ruling, but this is a new issue it raises for the first time in its Reply. Moreover it raises it over the Defendants' explanation for why most of the records are lost: Mr. Jaubert abandoned them in Dubai.

6.    This Court reiterates the basis of its finding: that it cannot compel the Defendants to produce documents that they do not have. While this appears to be the overall situation, the Plaintiff does argue at length that certain categories of documents must exist and are worthy of more careful scrutiny. These are sales records for four sold submarines (responsive to Request No. 4), a felony criminal proceeding in France (responsive to Request No. 22), taxes and other legally obligated corporate filings (responsive to Request No. 33), and payments to family members for business purposes (responsive to Request No. 39). To this extent, this Court will compel document production. If the Defendants truly lack these documents, then they shall affirmatively state so.

7.    This Motion to Compel concerns another area of production: documents produced by Ms. Cowden. The Plaintiff had

subpoened her to appear at deposition on May 24th and to bring relevant documents. Rather than produce those documents to the Plaintiff directly, Ms. Cowden gave them to the Defendants so that the Defendants could conduct a privilege review. The Plaintiff complains that the Defendants still have not forwarded the Cowden documents to it despite promising to do so in their Response. The Defendants say that they had been conducting their privilege review and that the press of other discovery had distracted them from that effort. Moreover, this Court adds that until recently, the privilege status of other Cowden discovery has been at issue. Simply withholding production of the Cowden documents is unacceptable, but in light of the circumstances, namely the contemporaneous privilege concerns, this Court will give the Defendants the benefit of the doubt. The Defendants shall produce this discovery (and prepare a privilege log for any privileged documents) by the given deadline.

8.    Additionally the Plaintiff objects that it is now difficult to depose Ms. Cowden again because she since has moved to France. (This Court notes that overseas depositions of other witnesses already have been taken.) It should be noted that under the Plaintiff's subpoena, the documents did not have to be produced until the time of the deposition. Then a privilege dispute arose as to them. This Court mentions this in order to show the lack of a direct link between Defendants' failure to

produce and the inability to depose Ms. Cowden again in Florida. Thus the Plaintiff fails to show prejudice.

9.    Lastly this Court addresses the Motion for Sanctions. This request stems from the fact that the Defendants did not complete their discovery production by February 1, 2010 as required by this Court. (Of note, this Court set this deadline on the Defendants' motion for additional time, not on a motion to compel by the Plaintiff.) There is no dispute regarding the Defendants' failure to meet the given deadline, and this omission should not be minimized. Nevertheless this Court sees no grounds warranting sanctions. Albeit untimely, it also is undisputed that the Defendants did make a large document production by February 22nd. The Plaintiff points to no real prejudice resulting from the delayed production. Depositions still went forward, and the Plaintiff since has filed a Motion for Summary Judgment.

10.    The Defendants shall answer the interrogatories by August 9, 2010. This deadline also governs any outstanding discovery permitted by this Court in its Order (DE 93) on the Plaintiff's earlier filed Motion to Compel (DE 69). That Order resolved which particular items of correspondence could be produced in a redacted version, hence there should be no need for an actual, subsequent production. However that Order also found two particular topics not privileged and thus open to discovery. That is, (1) Ms. Cowden's letter to Mr. Hess and her defense

against Mr. Jaubert's breach of contract claim and (2) Mr. Jaubert's discussions with third parties (who were not acting as his attorney) about selling his book to certain leaders in Dubai. That Motion to Compel left unclear how the Plaintiff planned to pursue this discovery, but in any event the parties shall complete any such discovery by the same August 9th deadline. No additional time will be given.

Based on the foregoing, it is hereby,

**ORDERED AND ADJUDGED** that the Motions to Compel are **GRANTED, in part**, consistent with the above instructions. In short, the Defendants shall answer the interrogatories, produce documents responsive to the Requests to Produce as specified above at ¶6, and produce the Cowden documents and privilege log for any privileged documents. The Defendants shall do so by **August 9, 2010**. Within the same time frame, the parties shall complete any outstanding discovery permitted by this Court's earlier ruling found at DE 93. It is further,

**ORDERED AND ADJUDGED** that any request for sanctions or fees and costs is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 13th day of July, 2010.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:  Edward M. Mullins, Esq.
     William T. Hess, Esq.