# EXHIBIT "S"
## EXOMOS AUDIT RESPONSE

# ROSS, DIXON & BELL, LLP

550 West B Street, Suite 400 • San Diego, CA 92101-3599 • *p* (619) 235-4040 *f* (619) 231-8796

JAMES DALESSIO
DIRECT DIAL: (619) 557-4311
EMAIL: JDALESSIO@RDBLAW.COM

March 31, 2006

**VIA EMAIL AND INTERNATIONAL MAIL**

Mr. Khurram Nagaria
Finance Controller
Exomos
P.O. Box 261489
Dubai, United Arab Emirates

Mr. Ziam Anwar
Accountant
P.O. Box 261489
Dubai, United Arab Emirates

Re:   **Audit Inquiry Response on behalf of Exomos**

Dear Khurram and Ziam:

By request of March 8, 2006 (the "Audit Inquiry"), we were asked to provide four categories of information in connection with an internal audit of Exomos, a subsidiary of Dubai's Ports, Customs and Free Zone corporation, and Exomos' predecessor, Palm Submarine (collectively "Exomos" or "Company").

Our response is directed only to material matters that have been given substantive attention by us in the form of legal consultation and, where appropriate, legal representation, as of February 1, 2004, and the period from that date to February 28, 2006, the ending date specified in the Audit Inquiry (hereinafter the "Audit Period"). In preparation for this response, our procedures have been limited to an endeavor to determine from attorneys in our firm known to us to have performed services for the Company, whether such services involved substantive attention in the form of legal consultation concerning any such material matters. Accordingly, please note that we have made no independent review of any of the Company's transactions or contractual arrangements for purposes of this response.

The following four categories of information were specified in the Audit Inquiry:

1.  A brief description of any claims or lawsuits, whether currently pending are settled, since the date of inception of Exomos and its predecessor, Palm Submarine, which "might materially affect the Company, together with [our] estimates of the ultimate liability in connection therewith."

2.  A brief description of any "contingent liability (not presently involving claims or lawsuits referred to in Item No. 1, above) . . ., together with [our] estimates of the ultimate liability of the Company, or other effect, in connection therewith."

3.  A brief description of any "other legal or operational matters" involving Exomos.

---

WASHINGTON • ORANGE COUNTY • SAN DIEGO • CHICAGO

# ROSS, DIXON & BELL, LLP

Mr. Khurram Nagaria
Mr. Ziam Anwar
March 31, 2006
Page 2

    4.    The amount of any unpaid fees owed Ross, Dixon & Bell, LLP ("RD&B") as of February 28, 2006 for services rendered to date and the approximate amount of any unbilled fees as of February 28, 2006 for services rendered through that date.

Please be advised that our representation of Exomos has been limited to specific matters as to which we were retained by the Company. As such, there may exist matters of a legal nature that could have a bearing on Exomos' financial position, in which we have not been consulted. Please be further advised that RD&B disclaims any undertaking to advise Exomos and/or its auditor of changes to any information provided herein that may be brought to RD&B's attention. We are not undertaking to comment upon any unasserted claims and assessments that are not identified in the Audit Inquiry and our comment thereon specifically requested by the Company.

Further, please be advised that the instant response is limited by, and done in accordance with, the ABA Statement of Policy Regarding Lawyers' Responses to Auditors' Requests for Information (December 1975) (the "ABA Statement"), a copy of which is attached for reference. Without limiting the generality of the foregoing, the limitations set forth in such Statement on the scope and use of this response (Paragraphs 2 and 7) are specifically incorporated herein by reference, and any description herein of any contingent liabilities is qualified in its entirety by Paragraph 5 of the ABA Statement and the accompanying Commentary (which is an integral part of the ABA Statement) except as provided herein.

This response is not, and is not intended to be, advice in respect of the securities laws of the United States or of any other jurisdiction. We have not been asked by the Company, nor have we agreed, to provide the Company with advice as to whether any information, statement, opinion, or other writing is required to be filed with, incorporated into, submitted to, or furnished to the United States Securities and Exchange Commission or any other securities regulators.

### Item No. 1: Pending Litigation and/or Threatened Claims

Subject to the limitations described in this letter, RD&B advises you that during the Audit Period, RD&B has not provided substantive attention to, or represented the Company in connection with, any pending, threatened, or settled claims or lawsuits.

### Item No. 2: Contingent Liability

The term "contingent liability" is defined in your audit request to mean: "existing conditions [that] may subject the company to claims, assessments, sanctions or penalties by others or allegations of default in the performance of any loan agreement, indenture, court judgment or administrative order, any act required by statute, law or regulation or other obligation or contract of the company."

110345

# ROSS, DIXON & BELL, LLP

Mr. Khurram Nagaria
Mr. Ziam Anwar
March 31, 2006
Page 3

During the Audit Period, as legal counsel of Exomos and its predecessor, Palm Submarine, RD&B has become aware of two matters that may subject Exomos to contingent liability. The first involves the proposed trademarks "Stingray" and "Palm Stingray." Although the Stingray mark currently is in use by Exomos in its marketing and promotional materials and on its website, among other sources, that mark actually is registered to a third party, P.F.C. Inc. On or about February 22, 2006, we received a letter from P.F.C. Inc.'s legal counsel, Alston & Bird, demanding that Exomos discontinue its trademark registration application for "Stingray" and "Palm Stingray." Prior to receiving the Alston & Bird letter, Exomos had decided to abandon both marks because the U.S. Patent and Trademark Office ("PTO") had refused registration on the premise that Exomos' Stingray and Palm Stingray marks were likely to cause confusion with P.F.C.'s Stingray registration.

Exomos may be subject to contingent liability by its continued use of the Stingray mark without permission from the mark's owner, P.F.C. Inc. Should P.F.C. Inc. file an action against Exomos to protect the Stingray mark, an unfavorable outcome for Exomos is probable on the merits. That is, the prospects of P.F.C. Inc. in not succeeding in such an action are judged extremely doubtful, and the prospects for success by Exomos in the defense of that action are deemed slight. Exomos' liability for the unauthorized use of the Stingray mark during the Audit Period also depends, in part, on whether Exomos will be found to have engaged in activities that make it subject to personal jurisdiction in a United States District Court, or whether any judgment or order rendered by such a Court would be valid and enforceable against the Company within the United States.

Exomos' potential liability in such an action may be substantial, including an award of attorneys' fees and costs in favor of P.F.C. Inc., and treble damages.

The second matter that may subject Exomos to contingent liability involves Exomos' own Nautilus submarine. During the Audit Period, Exomos sought permission from the Walt Disney Company ("Disney") to use the likeness of the Nautilus submarine depicted in Disney's movie *20,000 Leagues Under the Sea* for a submarine that Exomos was developing and constructing for debut at the Dubai Boat Show in March 2006 (after the Audit Period). By letter to Exomos dated January 13, 2006, Disney denied Exomos' request.

Disney's refusal to grant Exomos the right to use Disney's copyrighted version of the Nautilus, and Exomos' decision to construct, in any event, a submarine called Nautilus based on Exomos' interpretation of the description of that submarine contained in the Jules Verne book *20,000 Leagues Under the Sea*, may expose Exomos to contingent liability should Disney pursue a copyright violation action against the Company. The primary issue in that action would be whether Exomos' submarine is considered "substantially similar" to the copyrighted version owned by Disney.

## Ross, Dixon & Bell, LLP

Mr. Khurram Nagaria
Mr. Ziam Anwar
March 31, 2006
Page 4

RD&B was not consulted during the Audit Period on the issue of whether Exomos' vehicle is in fact "substantially similar" to the copyrighted version owned by Disney. RD&B therefore offered no opinion during the Audit Period on the loss contingency of any such action brought against Exomos by Disney, and thus is unable to offer any such opinion in this audit letter on the probable outcome of any such action brought by Disney. RD&B also does not offer any opinion on whether Exomos is subject to personal jurisdiction in a United States District Court, or whether any judgment or order rendered by such a Court would be valid and enforceable against the Company within the United States.

### Item No. 3: Other Legal Matters Handled by RD&B

The Audit Letter also requested that RD&B provide a brief description of all "legal and operational matters" being handled, or previously handled, by RD&B during the Audit Period that are not included in Item Nos. 1 and 2. Such legal and operational matters (grouped by topic or by parties) are as follows:

1. *Trademark Issues*

We currently are handling the applications for several trademarks sought by Exomos, including:

- *Exomos* (trademark application filed with the U.S. Patent and Trademark Office to register the name and logo "Exomos");

- *Goby, Proteus, and Exolus* (trademark applications to be filed with the U.S. Patent and Trademark Office pending receipt of additional information from Exomos);

- *Exocet, Intruder, and Mantaray* (trademark applications to be filed with the U.S. Patent and Trademark Office pending receipt of additional information from Exomos; RD&B has notified Exomos that each of these three marks have extensive prior use and have been registered for uses similar to submersibles, casting doubt on Exomos' ability to register each of these three marks);

- *Nautilus* (trademark application filed with the U.S. Patent and Trademark Office); and

- *ScubaJet* (trademark application filed by Herve Jaubert, individually, without RD&B's assistance or consultation; RD&B is responding to a request by the U.S. Patent and Trademark Office regarding Identification of the mark).

110347

## ROSS, DIXON & BELL, LLP

Mr. Khurram Nagaria
Mr. Ziam Anwar
March 31, 2006
Page 5

2.  *Middle East Yacht Company*

This matter involved a distribution agreement negotiated between Exomos and the Middle East Yacht Company during the Audit Period. The latter entity ultimately was changed to reflect an agreement between Exomos and N.A. Trade Channel Group, B.C., a Canadian company. This matter is closed, subject to being reopened, should the parties move forward with the proposed distribution agreement.

3.  *Crescent*

This matter involved the sale during the Audit Period of 10 SPVs by Exomos to the Indonesian Navy. Several companies have been proposed as the purchaser of the submarines, including Crescent Partners, Crescent Advanced Technology Indonesia, Crescent Aeronautical Technology Indonesia, PT. Trimanunggal Multi USAHA, and Exomos Nusantara, an Indonesian Limited Liability Company. The proposed purchase agreement between Exomos, on the one hand, and Exomos Nusantara, on the other hand, expired by its own terms on March 16, 2006, outside the Audit Period.

4.  *Atlantis Submarines (International Holdings), Inc.*

This matter involves the potential purchase by Exomos of Atlantis Submarines (International Holdings), Inc. ("Atlantis"). RD&B was retained during the Audit Period to provide legal assistance to Exomos regarding this deal. As of the closing of the Audit Period, RD&B is not aware of any definite agreement between Exomos and Atlantis regarding Exomos' purchase of Atlantis.

5.  *Nuytco Research, Ltd.*

Exomos retained RD&B during the Audit Period to assist Exomos in determining whether to purchase from Nuytco Research, Ltd. ("Nuytco") a class of deep-diving submersibles called the DeepWorker 2000 and the Dual DeepWorker 2000. As of the closing of the Audit Period, RD&B is not aware of any definite agreement between Exomos and Nuytco over the sale of this class of submarines.

### Item No. 4: Amounts of Unpaid and Unbilled Legal Fees

As of the closing of the Audit Period, RD&B is owed $51,309.11 for services rendered by RD&B on behalf of Exomos during the Audit Period. Of this amount, $50,898 is for services rendered by RD&B, and $411.11 is for costs advanced.

As of the closing of the Audit Period, RD&B had not yet billed $35,155 to Exomos for services provided by RD&B during the Audit Period. Of that amount, $21,989.50 was for

110348

## Ross, Dixon & Bell, LLP

Mr. Khurram Nagaria
Mr. Ziam Anwar
March 31, 2006
Page 6

services rendered, and $13,165.50 was for costs advanced by RD&B on behalf of Exomos.

* * *

Consistent with the last sentence of paragraph 6 of the ABA Statement, whenever, in the course of performing legal services for the Company with respect to a matter recognized to involve an unasserted possible claim or assessment that may call for financial statement disclosure, we have formed a professional conclusion that the Company must disclose or consider disclosure concerning such possible claim or assessment, we, as a matter of professional responsibility to the Company, will so advise the Company and will consult with the Company concerning the question of such disclosure and the applicable requirements of Statement of Financial Accounting Standards No. 5.

The information set forth herein is current as of February 28, 2006, and we assume no obligation to advise you of changes, whether or not material, that may thereafter be brought to our attention. This letter is solely for your information in connection with your review of the financial statements of the Company as of February 28, 2006, the close of the Audit Period as provided in the Audit Letter. As provided in paragraph 7 of the ABA Statement, the information provided by us is not to be quoted, in whole or in part, or otherwise referred to in any financial statements of the Company or any other document, nor is it to be filed with, or furnished to, any governmental agency or other person without our prior written consent. Notwithstanding the foregoing, this letter may be furnished to others in compliance with court process or when necessary to your defense against the challenge of your audit by the Company or a regulatory agency, provided that we are given written notice of the circumstances at least 20 days before this letter is to be furnished to others, or as long in advance as possible if the situation does not permit such period of notice.

Nothing in this letter should be construed as a waiver of either the attorney-client privilege with respect to any information that the Company has furnished to us or the attorney work-product privilege with respect to any of our files involving the Company.

We hope this summary will assist you in understanding the scope and extent of services

110349

# ROSS, DIXON & BELL, LLP

Mr. Khurram Nagaria
Mr. Ziam Anwar
March 31, 2006
Page 7

we currently are performing on behalf of Exomos. Of course, if you have any questions, please do not hesitate to contact us.

                                                  Sincerely,

                                                  ROSS, DIXON & BELL, LLP

                                                  James Dalessio

JJD:lka
cc:    Mr. James N. Miller
       Mr. Mohammed Amin
       Mr. Robert F. Brackett, III

110350