UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:09-CV-14314-MARTINEZ/LYNCH

DUBAI WORLD CORPORATION, and its
subsidiaries, EXOMOS, NAKHEEL and
PALM MARINE,

        Plaintiffs,

VS.

HERVE JAUBERT, SEAHORSE
SUBMARINES INTERNATIONAL
INCORPORATED, and Does 1–99,

        Defendants.
_____/

**PLAINTIFF DUBAI WORLD CORPORATION'S
MOTION IN LIMINE TO EXCLUDE TESTIMONY OF
VINCENT J. FORST AND ACCOMPANYING MEMORANDUM OF LAW**

        Plaintiff/Counterclaim Defendant Dubai World Corporation and its subsidiaries Exomos, Nakheel, and Palm Marine (collectively "Dubai World") move in limine to preclude Defendants Herve Jaubert ("Jaubert") and Seahorse Submarines International Incorporated ("Seahorse") and Counterclaimant Jaubert from using the alleged "expert" testimony of Vincent J. Forst at trial.

        This motion should be granted for the reasons set forth in the accompanying memorandum of law below.

**MEMORANDUM OF LAW**

**A.**     **Mr. Forst's Rebuttal Expert Report Is No Longer Relevant Because of Jaubert's Admissions that Submarines He Designed Were Never Completed.**

        Dubai World alleges that Jaubert and his company Seahorse breached a series of contracts which required defendants to complete construction of three Jaubert-designed submarines by May 17, 2004 (Goby Submarine); August 11, 2004 (Stingray Duo Submarine);

and September 10, 2004 (Discovery Submarine). (Exhibits A, B, and C at ¶2.3). On May 3, 2010, Dubai World served a damages report prepared by Maria M. Yip, CPA, CFE, CFF, CIRA. The report claimed damages totaling $1,064,732.07 of which $74,384.43 was for the Goby, $54,295.21 for the Stingray, and $320,772.24 for the Discovery. To support the claim that the contract was breached, Ms. Yip relied upon a expert report prepared by Dubai World engineers Lorenz Krueger and Bert de Wijs ("Exomos Submersible Report"). They were in support of the simple proposition that the submarines did not work.

On May 27, 2010, Defendants produced a so-called "rebuttal"[1] expert report which claims that the submarines did work—more accurately, that they would have worked had they ever been completed.

This is the sole focus of Mr. Forst's rebuttal expert report. However, this is no longer an issue. After Ms. Yip submitted her report, Jaubert testified at deposition that two of the three submarines at issue <u>never were completed</u>. Jaubert depo. at 184:1-10 (Exhibit D). Thus, at trial Ms. Yip will rely on Jaubert's own admissions. There is nothing for Mr. Forst to rebut and the question of whether the submarines might have worked had they been completed is irrelevant. By extension—so is Mr. Forst's testimony.

### B. Mr. Forst Is Not Personally Qualified To Be An Expert On The Relevant Ambient Pressure Submarine Technology.

This lawsuit revolves around defendant Jaubert's representations that he had designed a series of "ambient pressure" submarines that were ready for production. Most people are familiar with "one atmosphere" submarines—the kind the US Navy uses and are seen in

---

[1] The parties agreed that Dubai World would have the opportunity to take the deposition of Mr. Forst, and in return Dubai World would not make the argument that Mr. Forst should be excluded, for the reason argued earlier, that he does not rebut Ms. Yip's expert report and thus his report was untimely. *See* DE83, DE97, DE99.

submarine movies. These submarines retain the same atmospheric pressure inside as the submarine descends.

Ambient pressure submarines are very different. They do NOT maintain stable air pressure as the submarine descends. Thus, the occupants of ambient pressure submarines face the same pressure-related issues as SCUBA divers when they descend.

This lawsuit concerns only ambient pressure submarines. All Jaubert's submersibles were ambient pressure. Mr. Forst did have experience with "one atmosphere" submarines. Indeed, the only experience Mr. Forst has pertaining to dry ambient pressure submersibles – such as those at issue here – was in **1996** when Mr. Forst spent **two hours** "looking at the performance of a dry ambient vehicle that a potential vendor wanted evaluated." Forst depo. Dec. 14 at 27:24 – 28:1 (Exhibit E). In order to accomplish that simple evaluation, Mr. Forst believed it necessary to go underwater and observe how the vehicle handled, so he donned SCUBA gear and observed the vehicle from a distance close enough to touch it: "I needed to observe the stability of the vehicle, and the response to the pilot commands, the controllability." Forst depo. Dec. 14 at 25:25 – 26:14 (Exhibit E). These two hours are the sum total of Mr. Forst's interaction with the submersible technology at issue here.

The proponent of expert testimony must "demonstrate that the witness is qualified to testify competently, that his opinions are based on sound methodology, and that his testimony will be helpful to the trier of fact." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005) (*quoting United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)). Here, Jaubert has failed to do so. His "expert" has no credible experience in the only submarine technology at issue and his testimony regarding the completely

different "one atmosphere" submarine technology provides no helpful information to the jury and only would result in confusion.

### C. Mr. Forst's Opinions Should Be Excluded Because They Lack Proper Foundation

Even if Mr. Forst was qualified to testify regarding dry ambient pressure submersibles in general -- which he is not -- he is not qualified to speak to the ones at issue here in any event. "As will be seen below, Mr. Forst never saw any of the submarines at issue here (even though he was given multiple opportunities to inspect them). He never even fully read the expert report he claims to rebut. His foundation consists solely of conversations with Jaubert, the review of some random documents he could not identify, and the review of a couple of Jaubert promotional videos. Indeed, only two of the six promotional video clips that Mr. Forst reviewed to prepare his report show footage of any of the submersibles at issue here (in both cases, the Goby submarine). Mr. Forst did not review any footage of the vessels that were actually purchased by Dubai World. Additionally, three of the videos are of the Adventurer model submersible which is not even addressed in Ms. Yip's report, and two of those videos are of duplicate footage. In total, Mr. Forst reviewed approximately 15 minutes of edited promotional footage of Jaubert's submersibles. Less than half of that fifteen-minute footage was relevant to the submersibles Ms. Yip addresses in her report.

The testimony of experts is permitted at trial subject to Federal Rule of Evidence 702. Rule 702 provides that a witness qualified as an expert may testify as to scientific, technical, or other specialized knowledge if: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. Mr.

CASE NO.: 2:09-CV-14314-MARTINEZ/LYNCH

Forst's two hours of experience with ambient pressure dry submersibles do not qualify him as an expert in this field. He did not base his report upon sufficient facts and data. Mr. Forst's expert testimony focuses on the question of whether "completed" submarines would have worked. Of course, that is irrelevant because the contract required Jaubert to deliver completed submarines, and he has testified they never were completed. Further, Mr. Forst does not have a proper foundation for his opinions: Mr. Forst:

1. Never personally viewed <u>even one</u> of the actual submersibles Jaubert designed. (Forst depo. Dec. 14 at 57:2 – 59:5) (Exhibit E);

2. Never measured the actual submersibles Jaubert designed. (Forst depo. Dec. 14 at 57:2 – 59:5) (Exhibit E);

3. Never reviewed general assembly drawings of any of the submersibles Jaubert designed. (Forst depo. Dec. 17 at 18:17 – 19:13) (Exhibit F);

4. Never reviewed the test reports for the submersibles performed by experts retained by the very company Jaubert ran. (Forst depo. Dec. 14 at 72:10 – 74:13) (Exhibit E);

5. Has no experience engineering, designing, or producing dry ambient-pressure submarines; and

6. Amazingly, he admits never fully reading the report of the expert he supposedly rebuts. Forst depo. Dec. 14 at 65:13 – 25 (Exhibit E).

Mr. Forst's testimony and report should be excluded because his analysis is not based on relevant and reliable data. "[A]n expert's testimony may be excluded if it lacks sufficient factual foundation." *Villalobos v. American Airlines, Inc.*, 1998 WL 1770592 at *2 (S.D. Fla. Nov 13, 1998); *see also Trevino v. Gates*, 99 F.3d 911, 922-23 (9th Cir. 1996) (same). The vast majority

of conclusions upon which Mr. Forst "opines" are actually uncorroborated, unverified, untested statements made to him by Jaubert:

> Q: Were you aware that in 2004 Dubai World or one of its subsidiaries bought three vehicles from Mr. Jaubert that were to be delivered and were supposed to work? Did anybody ever tell you that?
>
> A: Yes.
>
> Q: Well, do you have an opinion whether they worked?
>
> A: I have an opinion about that situation.
>
> Q: Well, let me ask you first: Do you know if they ever worked?
>
> A: Yes. They – it's my understanding that they worked as advertised when they were completed.
>
> Q: What do you mean worked as advertised when they were completed?
>
> A: When the build and test and check out was complete, the – those three units worked as advertised.
>
> Q: And who told you that?
>
> A: Well, I would have to say Mr. Jaubert did.
>
> Q: Have you learned from any other source that the three submarines that Dubai World or its subsidiaries bought from Mr. Jaubert's company worked other than Mr. Jaubert telling you they worked?
>
> A: No.

Forst depo. Dec. 14 at 104:18 – 105:14 (Exhibit E). Not only are Jaubert's unverified statements to Mr. Forst completely unreliable, they are contradicted by Jaubert's own deposition testimony that two of the three submersibles did not work. Jaubert depo. at 184:1-10 (Exhibit D). Expert testimony premised on false factual predicates is inadmissible. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[i]f an expert's analysis is not based upon relevant and reliable data, the expert's opinion will be inadmissible").

6

### D.  Mr. Forst Never Inspected The Submarines.

From late April through May 10, 2010 Dubai World repeatedly offered Jaubert the opportunity to have professional photographs and video taken of the submersibles in Dubai. Exhibit B. Counsel for Jaubert traveled to Dubai for two depositions in April 2010 and visited the former Exomos facilities which continued to house several of the Exomos submersible models. However, Jaubert did not avail himself of any of these opportunities to obtain factual material from which his expert might make independent calculations and observations. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1111 (11th Cir. 2005) ("a trial court may exclude expert testimony that is 'imprecise and unspecific,' or whose factual basis is not adequately explained").

This jurisdiction follows the general rule that expert opinions that are based on subjective belief or unsupported speculation should be excluded. The Court "must take [its] role as 'gatekeeper' seriously and exclude 'subjective belief or unsupported speculation.'" *Villalobos v. American Airlines, Inc.*, 1998 WL 1770592 at *2 (S.D. Fla. Nov 13, 1998); *see also Real Estate Value Co. v. USAir, Inc.*, 979 F.Supp. 731, 744 (N.D. Ill. 1997) (*quoting Porter v. Whitehall Labs., Inc.*, 9 F.3d 607, 614 (7th Cir. 1993)) (excluding testimony of expert when expert relied solely upon individual opinion that was speculative and not supported by empirical evidence). "An expert opinion must be based on facts that enable the expert 'to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988). Mr. Forst abdicated his nominal position as an expert by

adopting, wholesale, Jaubert's opinions and excuses while failing to perform any independent empirical analysis.[2]

## CONCLUSION

For the foregoing reasons, an Order granting this motion in limine and preventing Jaubert from presenting the report or testimony of Vincent J. Forst in this case is justified.

## GOOD FAITH CONFERENCE CERTIFICATION

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), undersigned counsel for Plaintiffs certifies that they conferred with counsel for Defendants regarding the relief requested herein, and that Defendants indicated that they do not agree to the relief requested herein.

/s/ Annette S. Escobar
Annette S. Escobar

---

[2] If the Court needs more information to decide this matter, Dubai World suggests that this be done through preliminary questions in advance of trial. Fed. R. Evid. 104.

CASE NO.: 2:09-CV-14314-MARTINEZ/LYNCH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2010, I filed the foregoing document with the Clerk of the Court who will generate Notices of Electronic Filing to all counsel of record or other persons authorized to receive Notice of Electronic Filing generated by CM/ECF, including counsel for Defendants/Counterclaimant, William T. Hess, Hess & Heathcock, P.A., 40 SE Osceola St., Stuart, FL 34994.

Dated: December 29, 2010

Respectfully submitted,

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone: (305)372-8282
Facsimile: (305) 372-8202

By: /s/ Annette S. Escobar
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
Annette C. Escobar (Fla. Bar No. 369380)
aescobar@astidavis.com

*Local Counsel*

- and -

Faith E. Gay (Fla. Bar No. 129593)
faithgay@quinnemanuel.com
David L. Elsberg*
davidelsberg@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

CASE NO.: 2:09-CV-14314-MARTINEZ/LYNCH

> A. William Urquhart*
> billurquhart@quinnemanuel.com
> Laith D. Mosely*
> laithmosely@quinnemanuel.com
> Jon C. Cederberg**
> joncederberg@quinnemanuel.com
> QUINN EMANUEL URQUHART &
>     SULLIVAN, LLP
> 865 South Figueroa Street, 10th Floor
> Los Angeles, California 90017
> Telephone:  (213) 443-3000
> Facsimile:  (213) 443-3100
>
> *ATTORNEYS FOR PLAINTIFFS*

*Admitted *pro hac vice*.
**Application for *pro hac vice* admission filed and pending.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

CASE NO.: 2:09-CV-14314-MARTINEZ/LYNCH

**SERVICE LIST**
*Dubai World Corporation, et al. v. Herve Jaubert, et al.*
Case No.: 2:09-CV-14314-MARTINEZ/LYNCH
United States District Court, Southern District of Florida

Edward M. Mullins
emullins@astidavis.com
Annette C. Escobar
aescobar@astidavis.com
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

Faith Elizabeth Gay
faithgay@quinnemanuel.com
David L. Elsberg*
davidelsberg@quinnemanuel.com
Quinn Emanuel Urquhart Oliver &
  Sullivan, LLP
51 Madison Avenue
New York, New York 10010
Telephone: (212) 849-7220
Facsimile: (212) 849-7100

A. William Urquhart*
billurquhart@quinnemanuel.com
Laith D. Mosely*
laithmosely@quinnemanuel.com
Jon C. Cederberg**
joncederberg@quinnemanuel.com
Quinn Emanuel Urquhart Oliver &
  Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Admitted Pro hac vice
**Application for Pro hac vice admission filed and pending.

*Attorneys for Plaintiffs*
Electronically served via CM/ECF

William Thomas Hess, Esq.
whess@hhfirm.com
Hess & Heathcock, P.A.
40 Southeast Osceola Street
Stuart, Florida 34994
Telephone: (772) 223-0209
Facsimile: (772) 220-9727

*Attorneys for Defendants*
Electronically served via CM/ECF

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.